[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12221
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 2, 2007
THOMAS K. KAHN
CLERK

BIA No. A96-091-448

CARLOS FELIPE ORDONEZ MEZA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 2, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Carlos Felipe Ordonez Meza ("Ordonez Meza"), through counsel, seeks review of the decision of the Board of Immigration Appeals ("BIA") adopting and affirming the order of the Immigration Judge ("IJ") denying his application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). Ordonez Meza, a native of Colombia, reported that he was an active member of the youth arm of the Liberal Party for one year while he was a university student. He indicated that guerillas from the Revolutionary Armed Forces of Colombia ("FARC") wanted him to join their organization because of his influence with young people. He further reported that, when he refused to join them, the FARC began threatening him, physically attacked him once by pushing him, and attempted to kidnap him.

On appeal, Ordonez Meza first argues that, through substantial testimonial and documentary evidence, he established that he suffered past persecution on account of his political opinion, and had a well-founded fear of future persecution, such that he was entitled to asylum. He asserts that the FARC first attempted to recruit him because of his political opinions, and when he refused to join, the FARC began to target him because they labeled him as a "betrayer" and an "enem[y] to their cause."

2

In this case, the BIA expressly adopted and affirmed the IJ's decision without issuing its own decision. When the BIA issues a summary affirmance of the IJ's opinion, we review the IJ's opinion as if it were the BIA's. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review legal determinations of the IJ *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247 (11th Cir. 2001). On the other hand, we review any factual determinations under the "substantial evidence test." *Al Najjar*, 257 F.3d at 1283. We look to see if the IJ's factual determinations are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1284 (internal quotations marks omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). A determination that an alien is ineligible for asylum or withholding is a factual determination. *See Al Najjar*, 257 F.3d at 1283.

The Secretary of Homeland Security or the Attorney General has discretion to grant asylum if an alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

3

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b). "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of" a statutory factor. *Al Najjar*, 257 F.3d at 1287 (internal quotations marks omitted). An asylum applicant may not show merely that he has a political opinion, but must show that he was persecuted because of that opinion. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483, 112 S. Ct. 812, 816, 117 L. Ed. 2d 38 (1992). Additionally, we have stated that persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam) (internal quotation marks omitted).

An alien who has not shown past persecution still may be entitled to asylum if he can demonstrate a future threat to his life or freedom on a protected ground. 8 C.F.R. § 208.13(b). To establish a "well-founded fear," an applicant must show that he has a fear of persecution in his home country and that "[t]here is a

4

reasonable possibility of suffering such persecution if he or she were to return to that country." 8 C.F.R. § 208.13(b)(2)(i).

To qualify for withholding of removal under the INA, an alien must show that, if returned to his country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). Generally, where an alien fails to meet the "well-founded fear" standard for establishing asylum eligibility, the alien cannot establish the higher burden for withholding of removal. *Al Najjar*, 257 F.3d at 1292-93. Similarly, the burden on the alien seeking CAT relief is higher than the burden imposed on the asylum seeker. *Id.* at 1303.

We have held that "[a]n imputed political opinion, whether correctly or incorrectly attributed, may constitute a ground for a well-founded fear of political persecution within the meaning of the INA." *Al Najjar*, 257 F.3d at 1289 (internal quotation marks omitted). In order to qualify for relief from removal based on a political opinion, the petitioner "must establish that the guerillas persecuted h[im] or will seek to persecute h[im] in the future *because of* h[is] actual or imputed political opinion." *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (per curiam). "It is not enough to show that []he was or will be persecuted or tortured due to h[is] refusal to cooperate with the guerillas." *Id.* In the context of forcible recruitment, "the mere existence of a generalized 'political' motive

5

underlying the guerrillas' forced recruitment is inadequate to establish . . . the proposition that [the petitioner] fears persecution *on account* of political opinion, as [INA] § 101(a)(42) requires." *Elias-Zacarias*, 502 U.S. at 482, 112 S.Ct. at 816.

The IJ determined that Ordonez Meza failed to demonstrate past persecution because his encounters with members of the FARC were not severe enough to constitute persecution. Moreover, the IJ concluded that Ordonez Meza did not establish a well-founded fear of future persecution given the length of time since the FARC's last contact with his parents and the decreased likelihood that the FARC would still be interested in his political opinions after his time away from the university, especially because he was only involved with the Liberal Party for one year. The IJ also highlighted discrepancies and doubts concerning certain documentary evidence which Ordonez Meza presented, specifically the threatening sympathy cards his parents received and his father's police report which did not mention the FARC or any of its members. Bound by the deferential "substantial evidence" standard of review, we cannot say that the record compels a contrary result. Accordingly, we affirm the IJ's decision denying Ordonez Meza asylum and withholding of removal.

Ordonez Meza also argues that the IJ "errantly presumed" that, in order to be eligible for relief under the CAT, he would have to establish that he was tortured by government actors or the government acquiesced to the torture. "A court may

6

review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ."  8 U.S.C. § 1252(d)(1).  This requirement is jurisdictional and bars review of claims not raised before the BIA.  *Sundar v. I.N.S.*, 328 F.3d 1320, 1323 (11th Cir. 2003).  The exhaustion requirement gives the BIA the opportunity to discover and correct its own error.  *See id*. at 1325.  We also have recognized that the "exhaustion requirement ensures the [Department of Homeland Security] has had a full opportunity to consider a petitioner's claims."  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam) (internal quotations marks omitted).  Because Ordonez Meza failed to present to the BIA his argument that the IJ erroneously believed that torture would have to be conducted by the government in order to entitle him to relief under the CAT, we lack jurisdiction to review that claim and must dismiss it.

Accordingly, we deny Ordonez Meza's petition for review in part, and dismiss it in part.

**DENIED IN PART, DISMISSED IN PART.**